# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| MARSHA HORNSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| RAIMIL SWANAGAN, AMIKA ) | |
| LOGISTICS, LLC d/b/a MPS TRUCK ) | __CV522-014_____ |
| LINES, and GREAT WEST CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## CONSENT NOTICE OF REMOVAL

COME NOW, Defendants Raimil Swanagan ("Swanagan"), Amika Logistics, LLC d/b/a MPS Truck Lines ("MPS"), and Great West Casualty Company ("Great West") (collectively "Defendants") and hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

### PROCEDURAL BACKGROUND AND PREREQUISITES

1. Plaintiff commenced a civil action against Defendants Swanagan and Great West, as well as improperly named Defendant MPS Trucklines, LLC, on or about November 15, 2021 in the Superior Court of Atkinson County, State of

1

Georgia, Civil Action File No. 2021-CV-054 (the "State Court Action"). Plaintiff filed a Consent Motion for Leave to File Amended Complaint Substituting Amika Logistics, LLC d/b/a MPS Truck Lines as Proper Defendant in Place of Defendant MPS Trucklines, LLC on January 19, 2022. The Court granted Plaintiff's Consent Motion on January 21, 2022. Plaintiff filed her Amended Complaint and Demand for Jury Trial ("Amended Complaint") against Defendants Swanagan, Great West, and Amika Logistics, LLC d/b/a MPS Truck Lines ("MPS") on January 21, 2022.

    2.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).[1]

        a.    Plaintiff's Complaint and Demand for Jury Trial ("Complaint") filed on or about November 15, 2021, does not specifically plead special damages, and alleges no specific, numeric amount of special damages sustained by Plaintiff. Plaintiff's Amended Complaint similarly fails to specifically plead special damages, and alleges no specific, numeric amount of special damages sustained by Plaintiff. *See generally* Complaint; Amended Complaint.

---

[1] "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.S. § 1446(b)(3).

b. Defendant Swanagan propounded Interrogatories and a Request for Production of Documents to Plaintiff, requesting that Plaintiff describe each amount of damage claimed as a result of the incident described in the Complaint, and further requesting that Plaintiff produce documents pertaining to treatment sought or received for injuries claimed as a result of the subject accident, including but not limited to medical bills. In her Response to Defendant's Interrogatories, on or about February 9, 2022, Plaintiff provided an itemization of claimed medical expenses. *See* Plaintiff's Response to Interrogatory No. 18 of Defendant Swanagan's Interrogatories, attached hereto as **Exhibit A**. While no total is listed in this itemization, when added together, the total of the specific amounts claimed within this itemization equals $51,740.88; this total excludes an undisclosed amount from one provider, which Plaintiff identifies as "TBD."

c. Additionally, Plaintiff produced medical billing from multiple providers in Response to Request No. 15 of Defendant Swanagan's Request for Production of Documents. Within the bills produced, a bill from Specialty Health Associates, LLC indicates an additional $8,500.00 in incurred special damages; this amount does not appear to be included in Plaintiff's itemization. *See* Patient Bill from Specialty Health Associates, LLC, attached hereto as

**Exhibit B**. With the inclusion of this billing from Specialty Health Associates, the total alleged special damages equals $60,240.88. *See Id.*

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit C** are copies of all process and pleadings served to date in the State Court Action. (*See* Ex. C.)

4. A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the Superior Court of Atkinson County, State of Georgia, and shall be served on Plaintiff. A true and correct copy of the removal notice that the undersigned will file with the Clerk of the Superior Court for Atkinson County, State of Georgia is attached hereto as **Exhibit D**.

5. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## Diversity Jurisdiction

6. Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the parties are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000.00 exclusive of interest and costs.

### *Complete Diversity of Citizenship*

7. Plaintiff Marsha Hornsby is a citizen and resident of the State of Georgia.

8. Defendant Swanagan is a citizen and resident of the state of Tennessee.

9. Defendant MPS is a Tennessee corporation with its principal place of business in Tennessee, and as a result, is considered a citizen of the State of Tennessee for the purposes of diversity jurisdiction analysis.

10. Defendant Great West is a Nebraska corporation with its principal place of business in Nebraska, and as a result, is considered a citizen of the State of Nebraska for the purposes of diversity jurisdiction analysis.

11. Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendants.

*Amount in Controversy*

12. According to the itemization of Plaintiff's medical bills and billing from Specialty Health Associates, LLC, Plaintiff claims $60,240.88 in monetary damages. *See* Ex. A; Ex. B. Plaintiff also seeks non-economic general damages in an unspecified amount. *See generally* Complaint, Amended Complaint.

13. In circumstances such as presented in the instant case, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Plaintiff has claimed compensatory damages, including non-

economic damages and special damages in the form of past and future medical and related expenses. *See generally* Complaint; Amended Complaint; Ex. A; Ex. B.

14. Unspecified claims for general damages may be used to satisfy the amount in controversy requirement for removal. *See Buescher v. Falcon Mezzanine Partners, LP*, No. 7:07-CV-89 (HL), 2008 U.S. Dist. LEXIS 41809, at *10 (M.D. Ga. 2008) (confirming that it is "undoubtedly true" that the Eleventh Circuit permits litigants to use general damages to satisfy the amount in controversy requirement); *Turner v. Wal-Mart Stores, Inc.*, No. 7:11-CV-181 (HL), 2012 U.S. Dist. LEXIS 2428, *3 (M.D. Ga. 2012) (finding alleged special damages totaling $58,652.94 and unspecified general damages were sufficient for amount in controversy requirement). When accompanied by evidence, the Court is permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in assessing amount in controversy. *Pretka*, 608 F.3d at 754.

15. Accordingly, based on Plaintiff's allegations and the evidence of special damages incurred to date presented by Plaintiff through her Responses to Defendant Swanagan's Interrogatories and Request for Production of Documents, the amount in controversy in this case exceeds $75,000.00.

16. Plaintiff consents and has no objection to the removal of this case to the Southern District of Georgia, Waycross Division.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Defendants respectfully request that this action proceed before this Court.

Respectfully submitted this 7th day of March 2022.

        O'DANIEL McDONALD, LLC

        /s/ Clay S. O'Daniel
        Clay S. O'Daniel
        Georgia Bar No. 843070
        9040 Roswell Road, Suite 500
        Atlanta, GA 30350-3939
        (404) 419-6300
        (404) 419-6301 fax
        codaniel@odmclaw.com

        *Attorney for Defendants*

        **Consented to by:**

        FARAH & FARAH, P.A.

        /s/Matthew J. Grossman (*with express permission by CSO*)
        Matthew J. Grossman
        Georgia Bar No. 421625
        10 West Adams Street
        Jacksonville, FL 32202
        (904) 515-6205
        mgrossman@farahandfarah.com

        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing **CONSENT NOTICE OF REMOVAL** upon Plaintiff by U.S. Mail, postage pre-paid, addressed to Plaintiff's counsel of record as follows:

> Matthew Grossman
> Farah & Farah, P.A.
> 10 West Adams St.
> Jacksonville, FL 32202
> mgrossman@farahandfarah.com

This 7th day of March 2022.

/s/Clay S. O'Daniel
Clay S. O'Daniel